IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
ROBERT HAVILAND,                  :
                                  :
          Plaintiff               :
                                  :
     v.                           :    CIVIL NO. 3:CV-13-101
                                  :
SCHUYLKILL COUNTY PRISON,          :    (Judge Conaboy)
ET AL.,                           :
                                  :
          Defendants              :
```
_____

**MEMORANDUM**
**Background**

Robert Haviland, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. By Order dated August 6, 2015, Plaintiff's motion seeking leave to file an amended complaint was granted. An Amended Complaint (Doc. 50) was subsequently submitted on October 30, 2015. Plaintiff's motion leave to file a second amended complaint was thereafter denied.

Named as Defendants are Plaintiff's prior place of confinement, the Schuylkill County Prison, Pottsville, Pennsylvania and the following prison employees:[1]  Administrator Baldwin; Lieutenant Bruce; Correctional Officers Mensell, Brian Rice, David

---

1. The caption of the Amended Complaint lists the prison itself as being a Defendant.

1

Whitman, and Preneta. Four John Doe correctional officers, Warden John Doe, Nurse Doe, and Sergeant John Doe are also listed as being Defendants.[2] The body of the Amended Complaint, specifically Claims Three and Four, refer to other individuals, specifically employees of SCI-Houtzdale and its medical provider Wexford Medical and Correctional Care Solutions (Wexford) as being defendants. See Doc. 50, ¶¶ 61- 62, 85-86. Those individuals have not been served with the Amended Complaint.

Plaintiff initially contends (Claim One) that he was subjected to excessive force on July 13, 2012 by Defendants Preneta, Bruce, Rice, and Mansell. See Doc. 50, ¶ 14. It is alleged that Haviland was punched, kicked and thrown against a wall face first.[3] Plaintiff adds that Defendant Baldwin was responsible for the supervision and training of the officers involved in the

---

2.  John Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted). Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them. Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").
      Based on this Court's review of the record, although this action was filed over three years ago, plaintiff has not yet provided this court with the identities of the John Doe defendants. Accordingly, they shall be dismissed from this action under the authority of Scheetz.

3.  The Amended Complaint includes a pendent state law claim of assault and battery. See Doc. 50, ¶ 20.

2

purported assault.  The Plaintiff further maintains that he was denied medical care for his resulting injuries.[4]

The second portion of the Amended Complaint (Claim Two) asserts that Plaintiff was assaulted without provocation on September 16, 2012 by Correctional Officer Whitman.  See id. at ¶ 40.  Plaintiff similarly contends that he was denied medical treatment following the incident and that Whitman was not properly supervised and trained.

Claim Three of the Amended Complaint appears to set forth unrelated claims of deliberate indifference to his medical needs including improper denial of lower bunk bed status which transpired while Plaintiff was confined at a state correctional facility, most likely SCI-Houtzdale, after being transferred from Schuylkill County in 2013, and under the care of Wexford medical personnel.

Claim Four asserts that Plaintiff was assaulted by correctional staff at SCI-Houtzdale on October 13, 2013 and was thereafter issued a falsified misconduct report.  As relief, Haviland seeks compensatory and punitive damages.

Presently pending is a motion to dismiss or in the alternative for summary judgment filed by the Schuylkill County Defendants.  See Doc. 52.

### Discussion

The Schuylkill County Defendants claim entitlement to entry of dismissal/summary judgment on the grounds: (1) Plaintiff failed to exhaust his administrative remedies at the Schuylkill County

---

4. Haviland acknowledges that he was eventually seen by a prison nurse.  However, he points out that while his injuries were observed and reported, treatment was not provided.

Prison; (2) Haviland's newly added claims are barred by the applicable statute of limitations; (3) the Amended Complaint should be stricken for failure to comply with this Court's Order of August 6, 2015; and (4) the Schuylkill County Prison is not a properly named defendant.

**Motion to Dismiss**

The pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendants' motion. Thus, their motion will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.

**Summary Judgment**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

4

P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the

5

evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Schuylkill County Prison**

The initial argument raised is that the Schuylkill County Prison is not a properly named Defendant. See Doc. 53, p. 26. It appears that Plaintiff does not oppose the dismissal of this Defendant. See Doc. 59, p. 3.

It is well settled that a prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, this Court agrees that the Schuylkill County Prison is clearly not a person and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000). Summary judgment will be granted in favor of Defendant Schuylkill County Prison.

**Administrative Exhaustion**

The Moving Defendants correctly point out that the Amended Complaint does not address the issue of exhaustion of administrative remedies. They add that the portion of the Amended Complaint (Claims One and Two) pertaining to the Schuylkill County Defendants sets forth claims which were not fully exhausted via the prison's administrative grievance procedure. They conclude that summary should be granted with respect to Claims One and two on the basis of non-exhaustion.

      Section 1997e(a) of Title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). The Third Circuit Court of Appeals in Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

      Entry of summary judgment is appropriate when a prisoner litigant has failed to exhaust his available administrative remedies before bringing a civil rights action. See generally Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

7

The United States Supreme Court in Jones v. Bock, 127 S.Ct. 910, 923 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

In support of their non-exhaustion argument the Schuylkill County Defendants have submitted an affidavit by Deputy Warden David Wapinsky. See Doc. 52-1. Wapinsky states he serves as the prison's grievance coordinator and that the Schuylkill County Prison has an Inmate Grievance Policy that became effective May, 2005. He adds that under the policy an inmate may submit a written grievance on the appropriate form to the Deputy Warden within thirty days following the grievable event. If the initial response

8

is not satisfactory, the prisoner may appeal that decision to the Warden within ten days following reciept of the initial response.

Wapinsky acknowledges that Haviland filed three grievances during the relevant time period including Grievance # 491 regarding the July 13, 2012 incident underlying Claim One. See id. at ¶ 9. The Deputy Warden also admits that Haviland initiated Grievance # 502 relating to the September 16, 2012 incident involving Defendant Whitman (Claim Two). See id. Both grievances were denied on initial review. However, Wapinsky states that a review of Plaintiff's institutional grievance records shows that Haviland failed to pursue a timely administrative appeal from the initial denial of either grievance. In fact, no administrative appeals whatsoever were filed.

The Deputy Warden adds that Plaintiff never initiated any grievance regarding inadequate medical care following the July 13, 2012 and September 16, 2012 incidents. See id. at ¶ 14. According to Wapinsky, Haviland also did not initiate any grievances regarding his allegations that correctional staff were improperly supervised and trained or regarding any conduct attributed to Defendant Mensell. In addition to Wapinsky's affidavit, the Moving Defendants have also provided a copy of the Schuylkill County Prison's Inmate Grievance Policy (Doc. 52-2) as well as Plaintiff's relevant grievances (Doc. 52-3).

Also submitted is an affidavit by Warden Eugene Berdanier of the Schuylkill County Prison. See Doc. 52-6. Berdanier reiterates that Plaintiff "filed no appeal from the denial of Grievance # 491." Id. at ¶ 3. The Warden adds that no appeal from the denial of Grievance # 502 was pursued by Haviland. See id.

9

Plaintiff's opposing brief generally contends that he did not pursue administrative appeals because he was not provided with a copy of the denial of Grievance # 491 and he was not given a response to Grievance # 502 until after he was transferred to a state correctional facility. See Doc. 60. Furthermore, since the denial of the later grievance stated that his claim was not grievable because it related to a misconduct charge, any appeal would have been futile.

The Schuylkill County Defendants' submissions do not include any evidence showing that Haviland received a copy of the initial response to Grievance #491. Therefore, Plaintiff's assertion that he was not provided with a copy of that decision creates an issue of disputed material fact as to whether the exhaustion requirement should be excused. Consequently, since Haviland has made a viable showing that he should be excused from compliance with the exhaustion requirement, entry of summary on the basis of non-exhaustion with respect to the excessive force claims included in Claim One is not appropriate.

However, the undisputed record shows that Plaintiff never filed any grievance regarding his claims of being denied adequate medical care following the July 13, 2012 and September 16, 2012 incidents. Likewise, the undisputed record equally supports a determination that Haviland never initiated a grievance regarding the training or supervision of the correctional staff involved in those events. Accordingly, the Schuylkill County Defendants have satisfied their burden under Williams of establishing that those pending claims against them were not properly exhausted.

10

To hold otherwise, would clearly undermine the intent of the exhaustion requirement to afford correctional administrators the initial opportunity to discover and correct their own errors. See Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000). The request for entry of summary judgment on the basis of non-exhaustion will be granted with respect to the allegations of denial of adequate medical care following the July 13, 2012 and September 16, 2012 incidents and the contentions pertaining to alleged inadequate training or supervision of the correctional staff involved in those events.

With respect to Grievance # 502 it is undisputed that Plaintiff received a copy of the initial response and failed to file an administrative appeal. The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

Furthermore, as pointed out by the Schuylkill Defendants' reply brief the fact that a prisoner is transferred to another correctional facility does not necessarily excuse him from compliance. Hontz v. Berks County Prison, 2014 WL 1123376 *6 (E.D.

11

Pa. March 21, 2014) recognized that an inmate's transfer from a county prison to a state correctional facility did not excuse his failure to exhaust because administrative remedies remained available to him subsequent to the transfer.  Since there is no argument by Plaintiff that the Schuylkill County Prison's administrative grievance policy restricts transferred prisoners from completing the administrative review process, there is no basis for a determination exhaustion should be excused for Grievance # 502.

In conclusion, Claim Two and the portions of Claim One seeking relief based upon alleged denial of adequate medical care and failure to properly supervise and train will be dismissed on the basis of non-exhaustion.  The request for summary judgment on the basis of non-exhaustion with respect to the excessive force allegations set forth in Claim One will be denied.

**Statute of Limitations/August 6, 2015 Order**

The Schuylkill County Defendants next assert that the new causes of action set forth in the Amended Complaint (Claims Three and Four) against new Defendants both identified and unidentified are barred by the applicable statute of limitations.  See Doc. 53, p. 19.  They also allege that these new claims should not be allowed because their inclusion is contrary to this Court's August 6, 2015 Order.

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985).  The United States Supreme Court clarified its decision in Wilson when

it held that courts "should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). Furthermore, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis" of his civil rights claim. Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. This Court's review of the Original Complaint shows that it includes claims pertaining to the July 13, 2012 and September 16, 2012 incidents at the Schuylkill County Prison. There are also claims of lack of medical care for his resulting injuries. The Original Complaint is dated December 27, 2012.[5]

It is apparent that Plaintiff obtained knowledge of the purported violations of his constitutional rights at the time they occurred, and initiated this action within the following two (2) years. Consequently, the claims pertaining to the July 13, 2012

---

5. The Original Complaint will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266, 271 (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court).

13

and September 16, 2012 incidents at the Schuylkill County Prison are not time barred.

However, any allegations raised by Plaintiff for the first time in his Amended Complaint regarding actions which transpired more than two years prior to the date of the Amended Complaint, October 23, 2015, are clearly barred by Pennsylvania's controlling statute of limitations.

Second, this Court's Order of August 6, 2015 granted Plaintiff's request for leave to file an amended complaint. However, the Order specifically directed Haviland that his amended complaint "must be limited to claims directly related to those set forth in the original complaint." Doc. 44, p. 3.

With respect to Claims Three and Four of the Amended Complaint, no SCI-Houtzdale officials are listed as being defendants in the Original Complaint. In fact, there are no employees at any state correctional facility listed as being original defendants. The Original Complaint only raised claims of excessive force and denial of medical care pertaining to the July 13, 2012 and September 16, 2012 incidents at the Schuylkill County Prison.[6]

Clearly, there were no claims asserted therein regarding an alleged October 13, 2013 SCI-Houtzdale assault; denial of a lower bunk classification; falsified misconduct report or allegations pertaining to Plaintiff's medical care at any state correctional facility. Since this Court agrees that Plaintiff's claims

---

6. The allegations of inadequate training and supervision of the staff involved in the two incidents are directly related and within the scope of the August 6, 2015 Order.

regarding his treatment at any Pennsylvania state correctional facility are not directly related to the Haviland's orignal claims of misconduct at the Schuylkill County Prison they are not properly raised in the Amended Complaint.

In conclusion, the request for entry of summary judgment with respect to Claims Three and Four of the Amended Complaint will be granted since those allegations are not directly related to Plaintiff's original claims and their inclusion in the Amended Complaint is contrary to this Court's August 6, 2015 Order.  The dismissal of Claims Three and Four is without prejudice and they be raised in a new action provided that it is initiated within the two year statute of limitations.

**Pendent Jurisdiction**

As a result of this court's determinations, it will not exercise jurisdiction over any pendent state law claims pertaining to Claims Two, Three, and Four.  See 28 U.S.C. § 1367(c)(3) (1997) (a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction).  An appropriate Order will enter.


S/Richard P. Conaboy_____
RICHARD P. CONABOY
United States District Judge


DATED: SEPTEMBER 14 , 2016

15